**Slip Op. 11-51**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
_____
                                :
GRAPHITE SALES,                 :
                                : Before:  Nicholas Tsoucalas,
            Plaintiff,          :          Senior Judge
                                :
        v.                      :
                                :
UNITED STATES,                  :
                                :          Court No. 07-00225
            Defendant.          :
_____:
```

[Granting Plaintiff's Motion for Summary Judgment. Denying Defendant's Cross Motion for Summary Judgment]

Dated: May 4, 2011

Rodriguez O'Donnell Gonzalez & Williams, PC (Lara A. Austrins, Thomas J. O'Donnell, Jessica R. Rifkin), for Graphite Sales, Plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (Alexander J. Vanderweide); Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, (Of Counsel, Michael Heydrich), for United States, Defendant.

**OPINION**

**Tsoucalas, Senior Judge**: Plaintiff, Graphite Sales brings this action to contest the classification of its merchandise under the Harmonized Tariff Schedule of the United States ("HTSUS") 9613 arguing that the goods should be classified under HTSUS 8516. The United States Customs and Border Protection (the "Government" or

"CBP"), however, contends that the subject goods should be classified under HTSUS 9613.  This action is currently before the Court on cross motions for summary judgment pursuant to United States Court of International Trade ("USCIT") Rule 56. Jurisdiction is pursuant to 28 U.S.C. § 1581(a) (2010).  For the reasons set forth below, the Court finds that no genuine issues of material fact remain and Graphite Sales is entitled to judgment as a matter of law.

## BACKGROUND

### I.   The Subject Goods

The subject goods at issue are "electric heating resistors," known also as "hot surface igniters."  Jt. Stmt. of Mat. Fcts. ("Jt. Stmt.") at 1.  Electric heating resistors function by converting electric energy into heat energy.  Id.  The subject goods are physically mounted to the appliances they serve, and the two are connected by wires.  Id.[1]  Once turned on, the wires transmit a flow of electricity from the appliance to the subject good.  Each electric heating resistor features a specially shaped bar or rod of either silicon carbide or silicon nitride which are highly resistant to electricity.  Consequently, when an electric current passes through the silicon carbide or silicon nitride bars

---

[1] All models of the subject goods require electric voltage to operate. None of the subject goods can supply their own source of current. See Pl.'s Fcts. at 4.

or rods, it produces enough heat to ignite gas, or a mixture of air and gas, thus powering the appliance. See Jt. Stmt. at 1-2.  The subject goods are used in gas powered stoves, clothes dryers, water heaters and furnaces. Id. at 1.

## II.  Procedural History

From June 22, 2005 until January 16, 2006, Graphite Sales imported eleven entries of the subject goods through the port of Cleveland, Ohio.  The commercial invoices for the subject goods identified them as "ceramic heating elements."  Pl.'s Fcts. at 1.

Upon liquidation, CBP classified the subject goods under 9613.90.40, HTSUS, as lighter parts.  Graphite Sales filed a protest with CBP to contest this classification.  See Protest No. 4104-06-100149.  The Government changed its position and now claims that the subject goods are classifiable under 9613.80.20, HTSUS as complete lighters.[2]   Def.'s Rspns. to Plntf's Frst. Intrg. and Req. For Prod. Of Docs. at 8.  9613.8020, HTSUS, provides as follows:

**9613** Cigarette lighters and other lighters, whether or not mechanical or electrical, and parts thereof other than flints and wicks:
                    *              *              *

---

[2] Given the Court's analysis herein, the result of this case would be the same whether the subject goods were classified under HTSUS 9613.90.40 or HTSUS 9613.80.20.

**Court No. 07-00225**                                                      **Page 4**

**9613.80**   Other lighters:
                       *            *             *
                Other:
**9613.80.20**           Electrical...............................3.9%


     Graphite Sales asserted that the proper classification of the

subject goods is 8516.80.80, HTSUS, which provides:


**8516** Electric instantaneous or storage water heaters and immersion
     heaters; electric space heating apparatus and soil heating
     apparatus; electrothermic hairdressing apparatus (for example,
     hair dryers, hair curlers, curling tong heaters) and hand
     dryers; electric flatirons; other electrothermic appliances of
     a kind used for domestic purposes; electric heating resistors,
     other than those of heading 8545; parts thereof (con.):
                       *            *             *

**8516.80**   Electric heating resistors:

                       *            *             *

**8516.80.80**    Other .......................................Free


     After its protest was denied, Graphite Sales filed a timely

summons with the Court disputing the classification of the subject

goods.    All liquidated duties, charges and exactions for the

subject entries have been paid prior to the commencement of this

action.  See Pl.'s Fcts. at 1.


                         **LEGAL STANDARD**

     Pursuant to USCIT Rule 56, summary judgment is appropriate

when there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law.  See

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In classification

cases, summary judgment is appropriate when "there is no genuine

dispute as to the underlying factual issue of exactly what the

merchandise is."  Ero Indus., Inc. v. United States, 24 CIT 1175,

1179, 118 F. Supp. 2d 1356, 1359 (2000).  The fact that both

parties have moved for summary judgment "does not mean that the

court must grant judgment as a matter of law for one side or the

other; summary judgment in favor of either party is not proper if

disputes remain as to material facts."  Mingus Constructors, Inc.

v. United States, 812 F.2d 1387, 1391 (Fed. Cir. 1987) (citation

omitted).


     Here, the parties have stipulated that the subject goods are

"electric heating resistors".  Therefore, the only remaining

question is the proper scope of the relevant classification

provisions of the HTSUS, which is a question of law.  Accordingly,

a grant of summary judgment for either side, based on the pleadings

and supporting documents, is appropriate.


     The Court reviews classification cases de novo, pursuant to 28

U.S.C. § 2640(a).  It is ultimately the Court's duty to determine

the correct classification.  See Jarvis Clark Co. v. United States,

733 F.2d 873, 876 (Fed. Cir. 1984).  In order to do so, the Court

applies a two-step analysis whereby it (1) ascertains the proper

meaning of the specific terms in the tariff provisions; and then

(2) determines whether the merchandise comes within the description

of such terms as construed.  See Global Sourcing Group v. United

States, 33 CIT __, __, 611 F. Supp. 2d 1367, 1371 (2009); Pillowtex

Corp. v. United States, 171 F.3d 1370, 1373 (Fed. Cir. 1999).  The

first step of the analysis is a question of law and the second is

a question of fact.  See Pillowtex Corp., 171 F.3d at 1373.


     "It is a general rule of statutory construction that where

Congress has clearly stated its intent in the language of a

statute, a court should not inquire further into the meaning of the

statute."  Id.  "Absent contrary legislative intent, HTSUS terms

are construed according to their common and commercial meanings,

which are presumed to be the same."  Phototenetics, Inc. v. United

States, 33 CIT __, __, 659 F. Supp. 2d 1317, 1322 (2009) (quoting

Simod Am. Corp. v. United States, 872 F.2d 1572, 1576 (Fed. Cir.

1989)).  The Court may also rely on its "own understanding of the

terms used" and "consult lexicographic and scientific authorities,

dictionaries, and other reliable information sources."

Phototenetics, 33 CIT at __, 659 F. Supp. 2d at 1322 (quoting

Baxter Healthcare Corp. v. United States, 182 F.3d 1333, 1337–38

(Fed. Cir. 1999)).

## ANALYSIS

A classification analysis utilizes the General Rules of Interpretation ("GRI") and commences with GRI 1.   Len-Ron Manufacturing Co., Inc. v. United States, 334 F. 3d 1304, 1308 (Fed. Cir. 2003).   GRI 1 provides that classification shall be "according to the terms of the headings and any relative section or chapter notes . . . ."  Gen. R. Interp. 1, HTSUS.  As such, the terms of the headings and any relative section or chapter notes are paramount.  Accordingly, this classification analysis necessarily begins by examining the separate language of the headings of HTSUS 8516, and HTSUS 9613 to determine whether the subject goods are prima facie classified under either or both.

Turning first to HTSUS 8516, the Court concludes that the goods are prima facie classifiable thereunder because HTSUS 8516 specifically includes "electric heating resistors" and the parties stipulated, "[t]he goods at issue in this case are electric heating resistors."  See, Jt. Stmt. at 1.[3]  Similarly, the goods also appear to be prima facie classifiable under HTSUS 9613 because the Government has presented evidence that the subject goods are

_____

[3]  The only language limiting the provision is the exclusion of Heading 8545 which provides for electric heating resistors made of carbon.  This exclusion is inapplicable on these facts because the subject goods are not made of carbon.

lighters, and the heading includes "other lighters, whether or not mechanical or electrical".   Additionally, the accompanying Explanatory Notes ("EN") therein make clear that some electric lighters may contain electric resistors.   Explanatory Notes, Section XX, Chapter 96.13.  As such, under GRI 1, the subject goods are prima facie classifiable under both HTSUS provisions.

Under GRI 3(a), when a product is prima facie classifiable under two or more headings, "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description." Gen. R. Interp. 3(a), HTSUS.   "Under this so-called rule of relative specificity, we look to the provision with requirements that are more difficult to satisfy and that describe the article with the greatest degree of accuracy and certainty."  Orlando Foods Corp. v. United States, 140 F.3d 1437, 1441 (Fed. Cir. 1998).   The rule of specificity refers to the specificity in the headings and not subheadings.   See Archer Daniels Midland Co. v. United States, 561 F.3d 1308, 1317 (Fed. Cir. 2009); see also, Orlando Foods, 140 F.3d at 1440 ("Furthermore, when determining which heading is the more specific, and hence the more appropriate for classification, a court should compare only the language of the headings and not the language of the subheadings.").   As such, the more appropriate classification for the subject goods will be the provision which is more specific.

See Id. at 1441.


HTSUS 8516 expressly covers "electric heating resistors."
Conversely, HTSUS 9613 covers "other lighters whether or not
mechanical or electrical."  There is no reference to an electric
heating resistor nor to a hot surface ignitor under HTSUS 9613.
Of the two competing headings, HTSUS 8516 is more specific than
HTSUS 9613 because HTSUS 8516 specifically covers "electric
heating resistors," which both parties stipulate the goods "are"
and HTSUS 9613 refers simply to "other lighters" a general term
which may include the subject goods under some circumstances.


Moreover, both HTSUS 8516 and HTSUS 9613 are an eo nomine
provisions, i.e., a tariff provision that identifies an item by
name.  See Global Sourcing Group, 33 CIT at __ n.12, 611 F. Supp.
2d at 1374 n.12.  An eo nomine tariff classification that names
articles without terms of limitation is deemed to include all
forms of the article, absent evidence of contrary legislative
intent.  See Chevron Chemical Co. v. United States, 23 CIT 500,
505, 59 F. Supp. 2d 1361, 1367 (1999).  Here, there are two eo
nomine provisions subject to the rule of specificity.  Clearly,
the eo nomine provision of HTSUS 8516 which contains the actual
term "electric heating resistor" is more specific to the subject
goods than the eo nomine provision of HTSUS 9613, which refers

only to "other lighters whether or not mechanical or electrical".

Also, EN 85.16 additionally provides that "all electric heating resistors are classified here, irrespective of the classification of the apparatus in which they are to be used." Explanatory Notes, Volume V, Section XVI, Chapter 85.16(F) (4th Ed. 2007).  This EN provides additional specificity and support confirming that not only are electric heating resistors classified under HTSUS 8516, they are classified there regardless of any subsequent goods in which they may be used.  "Although the ENs are not legally binding or dispositive, they may be consulted for guidance and are generally indicative of the proper interpretation of the various HTSUS provisions."  Avenues In Leather, Inc. v. United States, 423 F.3d 1326, 1334 (Fed. Cir 2005).  It is appropriate to rely on this EN, especially since the text is unambiguous and there are no persuasive reasons to disregard it. Drygel, Inc. v. United States, 541 F.3d 1129, 1134 (Fed. Cir. 2008).

The EN of HTSUS 96.13 does not offer similar specific language.  Instead, EN 96.13, provides for mechanical lighters, electrical lighters, chemical lighters and non-mechanical lighters.  Moreover, not all types of electrical lighters

necessarily contain electric resistors.[4]   Additionally, it is

significant to note that to operate the subject goods, an outside

electrical power source is required whereas the other lighters

described in EN 96.13 are fully equipped with their own internal

power source.  Explanatory Notes, Section XX, Chapter 96.13.  As

such, HTSUS 9613 does not describe the subject goods with the same

specificity as provided for in HTSUS 8516, nor does EN 96.13

contain similar language of exclusivity as described earlier in EN

85.16.


     The Court's analysis is consistent with a June 4, 2007

conclusion made by CBP Import Specialist 231 contained in an

Interoffice Memorandum from the Chief of the Special Products

National Commodity Division to the Director of the Commercial

Rulings Division Office.  Specifically, the Memorandum stated:

> We find that an "electric heating resistor" is a narrowly
> defined product consisting essentially of an electrical
> conductor designed to become very hot when a current is
> passed through it.  On the other hand, we find that the
> phrase "cigarette lighters and other lighters, whether or
> not mechanical or electrical," denotes a broad range of
> products having many different types of construction and
> means of operation.  Thus, we find that heading 8516 more
> specifically describes the instant articles, and is
> therefore the more appropriate classification for them.
> The fact that these particular goods may be specifically

---

[4]   Not all electric lighters are electric resistor type
lighters: "Current from the mains or a battery produces a spark,
or in certain types, a glowing heat in an electric resistor."
Explanatory Notes, Volume V, Section XX, Chapter 96.13  (4th Ed.
2007).

designed or intended to function as igniters, or
lighters, in ovens or other appliances, is not relevant
to this GRI 3(a) analysis.

Plt. Mot. for Sum. J., Ex. 10 at 3.

## CONCLUSION

Considering all of the foregoing, the Court agrees with
Graphite Sales that the subject merchandise should be classified
under HTSUS 8516 because the description "electric heating
resistors" more specifically describes the subject merchandise with
a greater degree of accuracy and certainty than "other lighters,
whether or not mechanical or electrical". Therefore, under a GRI
3(a) analysis, HTSUS 8516 prevails over HTSUS 9613 and is the
appropriate classification for the subject goods.

The GRIs are applied in numerical order. If the headings,
subheadings and any relevant chapter notes resolve a classification
issue, the matter stops there. North American Processing Co. v.
United States, 236 F.3d 695, 698 (Fed. Cir. 2001). "The court
applies the GRIs in numerical order and once a particular rule
provides proper classification, the court may not consider any
subsequent GRI." Lemans Corp. v. United States, 34 CIT __, __, 675
F. Supp. 2d 1374, 1379 (2010), appeal docketed, No. 10-1295 (Fed.
Cir. April 9, 2010). This matter has been decided at the GRI 3(a)

**Court No. 07-00225**                                                            **Page 13**

level of analysis.   Accordingly, the parties' contentions which

sought to extend beyond the GRI 3(a) level need not be addressed.

See Mita Copy Star Am. v. United States, 160 F.3d 710, 712 (Fed.

Cir. 1998).


     For the foregoing reasons, Graphite Sales' Motion for Summary

Judgment is granted and the Government's Cross Motion for Summary

Judgment is denied.   The merchandise at issue is properly classified

under HTSUS 8516.80.80.   Judgment will be entered accordingly.



                                       /s/ Nicholas Tsoucalas
                                     **NICHOLAS TSOUCALAS**
                                       **SENIOR JUDGE**




**Dated:      May 4, 2011**
            **New York, New Yor**k

**Slip Op. 11-51**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

_____
                                              :
GRAPHITE SALES,                               :
                                              : Before:   Nicholas Tsoucalas,
                  Plaintiff,                   :           Senior Judge
                                              :
            v.                                :
                                              :
UNITED STATES,                                :
                                              :           Court No. 07-00225
                  Defendant.                   :
_____:


**JUDGMENT**

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that plaintiff's motion for summary judgment pursuant to USCIT R. 56  is granted; and it is further

**ORDERED** that defendant reliquidate the subject goods under subheading 8516.80.80, HTSUS, and refund to plaintiff any excess duties paid, together with interest thereon as provided by law; and it is further

**ORDERED** that Defendant's cross-motion for summary judgment is denied.


                          /s/ Nicholas Tsoucalas
                          NICHOLAS TSOUCALAS
                          SENIOR JUDGE


Dated:    May 4, 2011
          New York, New York